UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CASE NO. 6:06-275-KKC

CARLENE SLUSHER, as Administratrix of
The Estate of Donald Slusher, deceased                                                PLAINTIFF

vs.                                        **OPINION AND ORDER**

MOUNTAIN LAUREL ASSURANCE COMPANY                                    DEFENDANT

\* \* \* \* \* \* \*

This matter is before the Court on Defendant's Motion to Transfer (Rec. No. 12) this matter to the United States District Court, Eastern District of Tennessee, pursuant to 28 U.S.C. §1404(a).

**I. BACKGROUND**

This matter involves an insurance contract coverage dispute that arose as a result of an accident that occurred in Bell County, Kentucky. On or about August 19, 2005, Donald Slusher was killed when a coal truck driven by Arlie Napier ran into a building occupied by Slusher. At the time of the accident, both Slusher and Napier were acting within the scope of their employment with James Long Trucking, which owned the coal truck involved in the accident. The truck was insured by Mountain Laurel Assurance Company ("Mountain Laurel") and the policiy included underinsured and uninsured motorist coverage. Plaintiff alleges that Napier is an underinsured motorist or an uninsured motorist under the policy and asserts entitlement to benefits under the insurance policy due to the death of Mr. Slusher.

Plaintiff initially filed this action in Bell Circuit Court, Bell County, Kentucky and the Defendant removed the action to this Court. On the same day that Plaintiff filed suit in Bell Circuit Court, the Defendant filed a Complaint for Declaratory Relief in United States District

Court, Eastern District of Tennessee seeking a declaration that it has no obligation to Slusher's estate under the terms of the Mountain Laurel policy. Defendant filed this Motion to Transfer based on the argument that the Tennessee Court is the more appropriate and convenient venue.

## II. ANALYSIS

Section 1404 provides that the Court may transfer an action "[f]or the convenience of parties and witnesses" or "in the interest of justice." 28 U.S.C. § 1404(a). The district court deciding a § 1404(a) motion to transfer "has broad discretion to grant or deny" that motion. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)(internal quote and citation omitted). Factors guiding the Court's decision include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relevant ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.
> 
> *Overland, Inc. v. Taylor*, 79 F.Supp.2d 809, 811 (E.D. Mich. 2000).

### a. Forum's Familiarity with the Governing Law

This action was removed to this Court based on diversity jurisdiction. As a result, the choice-of-law rules of the forum state, Kentucky, determine whether Kentucky law or Tennessee law should govern the disposition of this action. *Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000).

Kentucky courts apply the Restatement (Second) of Conflict of Laws to determine the appropriate law to be applied in a contract action. *Id*. at 392. *See also Lewis v. American Family Ins. Group*, 555 S.W.2d 579, 581-582 (Ky. 1977). Section 188 provides, in relevant part:

(1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties....

(2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account ... to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties....

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188.

In *Lewis*, the court was confronted with the question of whether to apply Indiana or Kentucky law to a contract action. 555 S.W.2d 579. The plaintiffs, Indiana residents, were injured in an automobile accident in Kentucky when an uninsured motorist, a Kentucky resident, collided with their vehicle. The plaintiffs brought an action to recover under the uninsured motorist provisions of two automobile insurance policies. The Supreme Court of Kentucky held, "[b]ecause the insurance contracts in this case were entered into in Indiana between Indiana parties and concerned automobiles which were licensed and garaged in Indiana, we are of the opinion that Indiana law should govern the rights and liabilities of the parties under these contracts." *Id*. at 582. The court stated that when applying the Restatement test, "in most cases the law of the residence of the named insured will determine the scope of his automobile liability insurance policy." *Id*.

3

In *Bonnlander v. Leader Nat'l Ins. Co.*, 949 S.W.2d 618 (Ky. Ct. App. 1996), the plaintiffs, Indiana residents, were injured in an auto accident in Kentucky while riding in a van owned by their employer, an Indiana company, when a driver of another automobile, a Kentucky resident, collided with their van. The plaintiffs brought suit against two insurance companies alleging that they were entitled to benefits under an underinsured motorist insurance contract. The court held that Indiana law, not Kentucky law, applied, reasoning that "the appellants were both residents of Indiana and they were both employed by an Indiana company, in whose vehicle they were riding at the time of the accident." *Id*. at 620. The insurance policy was written through an agent in Indiana and written pursuant to Indiana law. "The only contracts with Kentucky are that the accident occurred here and the tortfeasor resided here." *Id*. at 620. *See also Snodgrass v. State Farm Mutual Auto. Ins. Co.*, 992 S.W.2d 855, 857 (Ky. Ct. App. 1998) (The law of Virginia rather than the law of Kentucky applied in construing the underinsured motorist provisions of the insurance contract).

Clearly, Tennessee law governs this coverage dispute regarding an insurance policy issued in Tennessee to an Tennessee trucking company by a Tennessee insurance company through a Tennessee insurance agent. While the underlying accident occurred in Kentucky and the Plaintiff's decedent is a resident of Kentucky, those facts are not controlling here. This action lies in contract rather than tort. Accordingly, the Restatement (Second) of Conflict of Laws governs the choice of law in this case and Tennessee law should govern the rights and liabilities of the parties under this insurance contract.

While this Court is capable of applying Tennessee law to this case, familiarity with the

4

governing law weighs in favor of transferring this case to the Eastern District of Tennessee. The Sixth Circuit has stated, "[t]here is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Nicol v. Koscinski*, 188 F.2d 537, 538 (6th Cir. 1951) citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947).

**b. Convenience of Witnesses and Location of Relevant Documents and Relevant Ease of Access to Sources of Proof**

In an action to recover benefits under underinsured motorists provisions in an insurance policy, generally, the plaintiff will introduce evidence of the actual insurance policy, the actions taken to recover from the insurer and the circumstances of the accident in which the plaintiff was injured. 26 COA *Cause of Action to Recover Benefits Under Underinsured Motorist Provisions of Automobile Insurance Policy* § 1 (2005).

The accident occurred in Bell County. However, the facts of the accident are not determinative of the question of coverage under this particular insurance policy. This insurance policy was issued in Tennessee by a Tennessee insurance agent to a Tennessee business. Therefore, witnesses to the issuance of the policy are likely to be located in Tennessee rather than Kentucky.

**c. The Weight Accorded the Plaintiff's Choice of Forum**

When determining whether to transfer under § 1404(a), the court must balance the inconveniences and "unless that balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed." *Nicol*, 188 F.2d at 537. However, the Sixth Circuit

has stated that the choice of forum by the plaintiff is one factor to consider but is not the dominant factor. *Lemon v. Druffel*, 253 F.2d 680, 685 (6th Cir. 1958). While Plaintiff's choice of forum generally weighs in favor of denying a Motion to Transfer, it is outweighed by other factors in this particular case.

### d. The Locus of the Operative Facts

This factor weighs in favor of granting the transfer because the contract was negotiated in Tennessee between a Tennessee insurance company and a Tennessee business.

## III. CONCLUSION

The Court has broad discretion in determining whether to transfer an action pursuant to 28 U.S.C. § 1404(a). *Phelps*, 30 F.3d at 663. The Court has carefully weighed the factors and finds that while the Plaintiff's choice of forum is entitled to considerable weight, the fact that Tennessee law will govern this action and that the locus of the operative facts is Tennessee and with all other factors being neutral, this action should be transferred to the United States District Court, Eastern District of Tennessee.

Accordingly, for all the above reasons, Defendant's Motion to Transfer Venue (Rec. No. 12) pursuant to 28 U.S.C. §1404(a) is GRANTED. It is hereby ordered that this matter is transferred to the United States District Court, Eastern District of Tennessee, Knoxville Division and thus STRICKEN from this Court's active docket.

This the 25th day of October, 2006.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**